1
2
3
4
5
6                        IN THE UNITED STATES DISTRICT COURT
7                            FOR THE DISTRICT OF ARIZONA
8
    Adam Arthur Borja,                    )     No.  CV-15-00551-PHX-SPL
9                                         )
                         Petitioner,      )
10                                        )     **ORDER**
    vs.                                   )
11                                        )
    Charles L. Ryan, et al.,              )
12                                        )
                         Respondents.     )
13                                        )
                                          )
14   ─────────────────────────────────── )

15          Before the Court are Petitioner Adam Arthur Borja's Petition for Writ of Habeas
16   Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and Motion to Dismiss (Doc. 22). The
17   Honorable Bridget S. Bade, United States Magistrate Judge, has issued a Report and
18   Recommendation ("R&R") (Doc. 27), recommending that the petition and motion be
19   denied. Petitioner has objected the R&R. (Doc. 28). For the reasons that follow, the Court
20   accepts and adopts the R&R, and denies the petition and motion.

21   **I.      Background**

22          On August 7, 2006, Petitioner was indicted on one count of first-degree murder,
23   one count of first-degree burglary, and one count of arson of an occupied structure in the
24   Maricopa County Superior Court, Case No. CR2006-145356. (Doc. 9-1, Exh. A.)
25   Petitioner was found guilty by a jury on all charges. (Doc. 9-1, Exh. C.) On April 9, 2008,
26   Petitioner was sentenced to concurrent terms of imprisonment, the longest of which was
27   life without the possibility of parole until Petitioner has served twenty-five years. (Doc.
28   9-1, Exhs. B, D.)

Petitioner timely filed a notice of appeal (Doc. 9-1, Exh. E), and appellate counsel filed an opening brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that she had searched the record on appeal and found no question of law that was not frivolous (Doc. 9-1, Exh. F). Petitioner was permitted to file a supplemental brief *in propria persona*, but he did not do so. (Doc. 9-1, Exhs. B, G.) The Arizona Court of Appeals then searched the record for fundamental error, and affirmed Petitioner's convictions and sentences. (Doc. 9-1, Exh. B); *State v. Borja*, 2009 WL 1563491, at *2 (Ariz. Ct. App. 2009).

Petitioner timely initiated post-conviction relief proceedings pursuant to Rule 32 of the Arizona Rules of Criminal Procedure. Appointed counsel filed a notice with the trial court stating that he was unable to find any colorable issue or claim to raise in the proceeding. Petitioner filed a *pro se* petition in which he raised several claims, which were denied. Petitioner sought appellate review, asking the court to review the brief he previously filed with the trial court in its entirety. (Doc. 9-5, Exhs. M, N.) The appellate court denied relief on January 28, 2014. (Doc. 9-5, Ex. N); *State v. Borja*, 2014 WL 325315, at *1 (Ariz. Ct. App. 2014). On May 21, 2014, the Arizona Supreme Court summarily denied review. (Doc. 9-5, Exh. O.)

On March 27, 2015, Petitioner filed a timely federal habeas petition in this Court, raising forty-six grounds for relief.[1] (Docs. 1, 1-1.) Respondents filed a limited answer (Doc. 9) arguing that Petitioner's claims are procedurally barred from review. Petitioner did not file a reply, and instead filed a motion to dismiss his petition without prejudice, or to stay this proceeding and hold his petition in abeyance while he presents his claims in state court. (Doc. 22.) Respondents filed a response opposing the motion (Doc. 24), to which Petitioner filed a reply and a "supplemental exhibit" (Docs. 25, 26). Following review, the Magistrate Judge found Petitioner's claims to be procedurally barred, and recommended that the petition and the motion be denied. (Doc. 27.)

---

[1]      Petitioner does not object to the R&R's recitation of the forty-six claims raised in the petition, which the Court adopts and incorporates here by reference. (*See* Doc. 27 at 4-8.)

## II.    Standard of Review

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). When a party files a timely objection to an R&R, the district judge reviews *de novo* those portions of the R&R that have been "properly objected to." Fed. R. Civ. P. 72(b). A proper objection requires specific written objections to the findings and recommendations in the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); 28 U.S.C. § 636(b)(1). It follows that the Court need not conduct any review of portions to which no specific objection has been made. *See Reyna-Tapia*, 328 F.3d at 1121; *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) (discussing the inherent purpose of limited review is judicial economy). Further, a petitioner is not entitled as of right to *de novo* review of evidence or arguments which are raised for the first time in an objection to the R&R, and the Court's decision to consider them is discretionary. *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

## III.    Discussion

### A.    Petition

Petitioner objects to the R&R's finding that his claims are procedurally barred on the basis that, despite having properly presented his claims, the state court erroneously rejected his claims on procedural grounds. (Doc. 28 at 28.) This objection is without merit.[2]

First, Petitioner's trial error claims are procedurally defaulted. As addressed in the R&R, Petitioner did not present *any* claim on direct review. On direct appeal, appellate counsel filed an *Anders* brief, and although Petitioner had the opportunity to file a supplemental brief, he did not do so. (Doc. 9-1, Exh. B.) Petitioner subsequently presented a series of claims to the trial court in his post-conviction relief proceeding.

---

[2]    In making this argument, Petitioner relies on *James v. Ryan*, 679 F.3d 780, 802 (9th Cir. 2012). Although it is distinguishable from this case, the Court need not address it here because it was vacated by the Supreme Court in *Ryan v. James*, 133 S.Ct. 1579 (2013).

(Docs. 9-2, 9-3, 9-4.) However, because the claims of trial error could have been raised on direct appeal but were not, both the trial and appellate court found them to be precluded from review by Ariz. R. Crim. P. 32.2(a)(3) - an adequate and independent state procedural ground. *See Coleman v. Thompson,* 501 U.S. 722, 729 (1991); *Jones v. Ryan*, 691 F.3d 1093, 1101 (9th Cir. 2012); *Hurles v. Ryan*, 752 F.3d 768, 780 (9th Cir. 2014) ("Arizona's waiver rules are independent and adequate bases for denying relief").

Petitioner's claims of ineffective assistance of *trial* counsel are also procedurally defaulted. (*See* Docs. 1 and 1-1, Claims 2, 3, 10, 12, 18, 20, 24, 30, 33, 36, 37, 39.) As addressed in the R&R, the appellate court found that because Petitioner could not have presented any claims of ineffective assistance of counsel on direct appeal, the trial court had incorrectly ruled that his ineffective assistance of counsel claim was also precluded from post-conviction review. (Doc. 27 at 11, fn. 5; Doc. 9-5, Exh. N.) The appellate court found however, that Petitioner had not specifically raised a claim of ineffective assistance of trial counsel in his petition for review. Instead, Petitioner had simply asked the appellate court to consider "all the issues presented in the Rule 32 pro se brief." (Doc. 9-5, Exhs. M,N.) Consequently, it concluded that Petitioner had waived review of any claim of ineffective assistance of trial counsel because he did not sufficiently raise it on appeal in accordance with Ariz. R. Crim. P. 32.9(c)(1). (Doc. 9-5, Exh. N.) Therefore, while Petitioner may have properly presented his ineffective assistance of trial counsel claim(s) to the trial court, those claims are procedurally defaulted because they were precluded from review by the appellate court on an adequate and independent state procedural ground under Ariz. R. Crim. P. 32.2(a)(3) and 32.9(c).

The Court further agrees with the R&R's conclusion that Petitioner's ineffective assistance of *appellate* counsel claim (Doc. 1-1, Claim 45) was not presented to the state court and is barred from review. Although the facts presented in state court bare similarity to those contained in his habeas petition, Petitioner did not fairly present a Sixth Amendment ineffective assistance of appellate counsel claim in state court. *See Gulbrandson v. Ryan*, 738 F.3d 976, 992 (9th Cir. 2013); *Tamalini v. Stewart*, 249 F.3d

895, 898 (9th Cir. 2001). Contrary to his objection (Doc. 28 at 28-29), Petitioner did not raise his federal claim in his reply brief during his post-conviction relief proceeding. In response to the state's argument to the trial court that his claims were precluded from review, Petitioner replied that "[a]ny failure to raise [his] claims during the 2008 trial on the 2009 direct appeal is a result of the attorney mishandling Mr. Borja's case at those times. Mr. Borja has the right to competent legal representation." (Doc. 9-5, Exh. K.) He did not point to any federal constitutional guarantee underlying his claim, give any application to his facts under federal law, nor did he even specifically claim "ineffective assistance of appellate counsel." Similarly, on appeal, Petitioner only argued that he "did not knowingly []or willingly waive the issues presented in the Rule 32 pro se brief" because his appellate attorney had informed him he was not required to file a supplemental brief after she had filed an *Anders* brief." (Doc. 9-5, Exh. M.) *See also State v. Borja*, 2014 WL 325315, at *1 (Ariz. Ct. App. 2014) ("On review, Borja contends he was not to blame for his failure to raise on appeal the issues presented in his Rule 32 proceeding, asserting the failure arose from appellate counsel's communications with him"); (Doc. 9-5, Exh. N). In presenting this argument, Petitioner did not cite any legal authority or specific constitutional guarantee, or otherwise alerted the appellate court to the fact that he was asserting a federal claim. Petitioner's recharacterization of his claim in his federal habeas petition does not transform the claim that was presented in state court.

As addressed in the R&R, a return to further pursue his claims would be futile and as a result, his claims are procedurally defaulted and barred from federal habeas review. The time has passed to seek post-conviction relief in state court under Ariz. R. Crim. P. 32.4(a), and his claims would be precluded from review under Ariz. R. Crim. P. 32.2 because they could have been raised on direct appeal or in Petitioner's prior post-conviction proceeding. The R&R discussed that Petitioner has not shown that he satisfies any of the exceptions to the timeliness or preclusion rules. *See* Ariz. R. Crim. P. 32.4(a) and 32.2(b) (citing the exceptions listed in Ariz. R. Crim. P. 32.1). Petitioner does not

seek to present any new evidence or law, nor does he raise a claim of actual innocence. *See* Ariz. R. Crim. P. 32.1(e), (g), (h). The appellate court has already determined that review of an untimely or successive petition for post-conviction review would not be permitted due to Petitioner's allegation that his failure to previously raise his claims on direct appeal was due to the fault of appellate counsel. (Doc. 9-5, Exh. N); *see* Ariz. R. Crim. P. 32.1(f). Appellate counsel explained to Petitioner that she found no arguable issue to present on appeal and filed an *Anders* brief, and that Petitioner was permitted to file a supplemental brief should he wish to do so. (Id.) Petitioner objects by contending that his previously filed brief "states the specific exception to each and every ground… which satisfies the requirements under Arizona law which allow Borja to file a successive untimely petition for P.C.R." (Doc. 28 at 30.) However, Petitioner does not point to any specific flaw in the R&R's analysis or findings, and instead, offers only a general objection by referencing his prior filing. This objection is therefore rejected.

Further, the Court agrees with the R&R that Petitioner does not establish "cause and prejudice" to excuse the procedural default of his claims, nor does he argue that failure to consider his claims would result in a "fundamental miscarriage of justice." *See Coleman v. Thompson,* 501 U.S. 722, 731 (1991) (discussing "cause" and "prejudice") *overruled on other grounds by Martinez v. Ryan*, 132 S. Ct. 1309 (2012); *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (discussing "fundamental miscarriage of justice"). Petitioner does not object to the R&R on this basis. Rather, Petitioner specifically responds that "[i]n regards to presenting arguments to overcome any procedural bar, Borja's position and arguments are that there is no bar to the federal review of his habeas claims at this time so it would [be] inappropriate to present argument to overcome [the] procedural bar because he would be conceding that his habeas claims are in fact procedurally barred and contradicting the arguments contained in his briefs thus far." (Doc. 28 at 31.) Petitioner's belief that his claims are not procedurally barred does not relieve him of his burden to show, even in the alternative, that the procedural default of his claims should be excused. Therefore, having failed to establish a basis to excuse the procedural default of his

claims, the Court finds that they are procedurally barred from federal habeas review.

**B.   Motion**

Lastly, Petitioner requests that his petition be dismissed without prejudice, or in the alternative, that this action be stayed so that his timely habeas petition can be held in abeyance while he attempts to present his unexhausted federal claims in state court. (Doc. 22.) The Court agrees with R&R's recommendation that this request should be denied, and overrules Petitioner's objection arguing the contrary.

Here, dismissing the petition without prejudice would be futile. As previously discussed, Arizona law would preclude a successive petition for post-conviction review. For the same reason, the stay and abeyance procedure is not appropriate under these circumstances. A district court has limited discretion to stay and hold in abeyance a federal habeas petition containing an unexhausted claim so that the petitioner may return to state court to exhaust it. *See Rhines v. Weber*, 544 U.S. 269, 276-77 (2005); *Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016). Here, all of Petitioner's claims are procedurally barred from review and Petitioner no longer has state remedies available to consider his claims. *See Cassett v. Stewart*, 406 F.3d 614, 621, n.5 (9th Cir. 2001). The Court will therefore adopt the R&R's recommendation and deny the motion.

**IV.   Conclusion**

Having reviewed the record as a whole, and finding none of Petitioner's objections have merit, the R&R will be adopted in full. For the reasons addressed above, Petitioner's claims are procedurally barred from federal habeas review. *See* 28 U.S.C. § 2254(b)(1)(a) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that… the applicant has exhausted the remedies available in the courts of the State."). Dismissal of the petition with prejudice is warranted. Accordingly,

**IT IS ORDERED:**

1.    That Magistrate Judge Bade's Report and Recommendation (Doc. 27) is **accepted** and **adopted** by the Court;

2.      That the Motion to Dismiss/Stay  (Doc. 22) is **denied**;

3.      That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied** and this action is **dismissed with prejudice**;

4.      That a certificate of appealability and leave to proceed *in forma pauperis* on appeal are **denied** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable; and

5.      That the Clerk of Court shall **terminate** this action.

Dated this 19th day of September, 2016.

Honorable Steven P. Logan
United States District Judge